**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
MARK R. CURIEL (SBN 222749)
GALIT A. KNOTZ (SBN 252962)
JONATHAN P. SLOWIK (SBN 287635)
gknopp@akingump.com
mcuriel@akingump.com
gknotz@akingump.com
jpslowik@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:   310-229-1000
Facsimile:    310-229-1001

Attorneys for Defendant Starbucks Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CUMMINGS, individually and on behalf of other members of the general public similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1 - 10, inclusive,<br><br>                  Defendants | Case No. 2:12-cv-6345-MWF (FFMx)<br><br>**DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date Action Filed:   December 22, 2011<br>Trial Date:                September 17, 2013 |

# ANSWER TO COMPLAINT

Defendant Starbucks Corporation ("Starbucks" or "Defendant") hereby answers the numbered paragraphs of the Second Amended Complaint (the "Complaint") filed by plaintiff Nicole Cummings ("Cummings" or "Plaintiff"), as set forth below. Any allegation in the Complaint that is not expressly admitted below is denied.

## PARTIES, JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein, except as follows: Defendant admits that Plaintiff is a citizen of the State of California, that Defendant is a citizen of the State of Washington, where it is incorporated and has its principal place of business, and that jurisdiction is proper in this Court.

2. The allegations contained in Paragraph 2 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein, except as follows: Defendant admits that venue before this Court is proper, and that the District Court for the Southern District of California, Judge Burns presiding, transferred this case to the Central District of California on July 23, 2012.

3. In response to Paragraph 3 of the Complaint, Defendant responds that it is without sufficient knowledge or information to admit or deny whether Plaintiff resides in the County of Imperial, State of California at all relevant times herein.

4. In response to Paragraph 4 of the Complaint, Defendant admits that at all relevant times, it was and is a Washington corporation. Defendant further admits that at all relevant times, it has conducted and continues to conduct business throughout the country, including in the County of Imperial, State of California.

5. Paragraph 5 of the Complaint contains legal statements to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

6. Defendant denies each and every allegation in Paragraph 6 of the Complaint. Paragraph 6 also includes legal statements to which no response is required.

7. In response to Paragraph 7 of the Complaint, Defendant admits that at all relevant times it was a corporation which was licensed to do and was doing business in the County of Imperial, State of California. Defendant denies the remaining allegations in Paragraph 7 of the Complaint. Paragraph 7 also includes legal statements to which no response is required.

## CLASS ACTION ALLEGATIONS

8. In response to Paragraph 8 of the Complaint, Defendant admits that Plaintiff purports to represent a class as stated in Paragraph 8. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint. Paragraph 8 also contains legal statements to which no response is required.

9. Defendant denies each and every allegation in Paragraph 9 of the Complaint. Paragraph 9 also contains legal statements to which no response is required.

10. The allegations contained in Paragraph 10 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

11. The allegations contained in Paragraph 11 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

12. The allegations contained in Paragraph 12 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

1    13.    The allegations contained in Paragraph 13 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

4    14.    The allegations contained in Paragraph 14 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

7    15.    The allegations contained in Paragraph 15 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

10   16.    The allegations contained in Paragraph 16 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

13   17.    The allegations contained in Paragraph 17 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

## FACTUAL BACKGROUND

18.    In response to Paragraph 18 of the Complaint, Defendant admits that Plaintiff was employed by Defendant beginning in our about January 2008. Defendant further admits that Plaintiff was involuntarily terminated in 2009. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

19.    Defendant denies each and every allegation in Paragraph 19 of the Complaint.

## FIRST CAUSE OF ACTION

20.    Paragraph 20 of the Complaint does not allege separate allegations that require a separate response. Defendant incorporates its answers to the paragraphs mentioned therein by reference.

21. Defendant denies each and every allegation in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant admits that it converts its partners' recorded minutes worked to hours worked by dividing minutes by 60 and recording the result as a decimal to the nearest hundredth place. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint. Paragraph 22 also includes hypothetical examples to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, Defendant admits that Plaintiff worked 47 hours and 29 minutes at her regular rate of pay between March 3, 2008 and March 16, 2008. Defendant further admits that Defendant's timekeeping system calculated this time as 47.48 hours. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint includes legal statements to which no response is required. To the extent a response is required, Defendant respectfully refers to California Labor Code § 1198 for its terms. To the extent the allegations in Paragraph 26 of the Complaint are inconsistent or contradictory to California Labor Code § 1198, Defendant denies those allegations. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint includes legal statements to which no response is required. To the extent a response is required, Defendant respectfully refers to California Code of Regulations, tit. 8, § 11050 and California Labor Code §§ 512 and

4

226.7 for their terms. To the extent the allegations in Paragraph 27 of the Complaint are inconsistent or contradictory to California Code of Regulations, tit. 8, § 11050, California Labor Code § 512, or California Labor Code § 226.7, Defendant denies those allegations.

    28.    Defendant denies each and every allegation in Paragraph 28 of the Complaint.

    29.    Defendant denies each and every allegation in Paragraph 29 of the Complaint.

    30.    Defendant denies each and every allegation in Paragraph 30 of the Complaint.

    31.    Defendant denies each and every allegation in Paragraph 31 of the Complaint.

    32.    Defendant denies each and every allegation in Paragraph 32 of the Complaint.

    33.    In response to Paragraph 33 of the Complaint, Defendant admits that the value of nonexempt employees' "markout and merchandise discounts" and "free beverages" are not included in calculating the regular rate of pay for overtime purposes. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

    34.    Plaintiff's request for "compensatory damages, back pay (or penalty), prejudgment interest, and other remedies" in Paragraph 34 of the Complaint requires no response. To the extent a response is required, Defendant denies that Plaintiff and the putative class members are entitled to any of the relief requested in Paragraph 34. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

    35.    Paragraph 35 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein.

36. Plaintiff's prayer for attorneys' fees and for leave to amend the Complaint in Paragraph 36 of the Complaint requires no response. To the extent a response is required, Defendant denies that Plaintiff and the putative class members are entitled to any of the relief requested in Paragraph 36. Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

## SECOND CAUSE OF ACTION

37. Paragraph 37 of the Complaint does not allege separate allegations that require a separate response. Defendant incorporates its answers to the paragraphs mentioned therein by reference.

38. In response to Paragraph 38 of the Complaint, Defendant admits that Plaintiff is a former employee of Defendant. Defendant further admits that Plaintiff purports to represent a class as stated in Paragraph 38. Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies each and every allegation in Paragraph 39 of the Complaint.

40. Defendant denies each and every allegation in Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendant admits that Plaintiff purports to represent a class as stated in Paragraph 41. Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies each and every allegation in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint includes legal statements to which no response is required. To the extent a response is required, Defendant respectfully refers to California Business and Professions Code §§ 17200 *et seq.* for their terms. To the

extent the allegations in Paragraph 43 of the Complaint are inconsistent or contradictory to California Labor Code §§ 17200 *et seq.*, Defendant denies those allegations.

44. Defendant denies each and every allegation in Paragraph 44 of the Complaint.

45. Defendant denies each and every allegation in Paragraph 45 of the Complaint.

46. Plaintiff's prayer for restitution and "injunctive damages" in Paragraph 46 of the Complaint requires no response. To the extent a response is required, Defendant denies that Plaintiff and the putative class members are entitled to any of the relief requested in Paragraph 46. Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies each and every allegation in Paragraph 47 of the Complaint.

48. Plaintiff's request for an injunction in Paragraph 48 of the Complaint requires no response. To the extent a response is required, Defendant denies that Plaintiff and the putative class members are entitled to any of the relief requested in Paragraph 48. Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49. Plaintiff's request for restitution damages in Paragraph 49 of the Complaint requires no response. To the extent a response is required, Defendant denies that Plaintiff and the putative class members are entitled to any of the relief requested in Paragraph 49.

50. Plaintiff's prayer for attorneys' fees and for leave to amend the Complaint in Paragraph 50 of the Complaint requires no response. To the extent a response is required, Defendant denies that Plaintiff and the putative class members are entitled to any of the relief requested in Paragraph 50. Defendant is without sufficient knowledge

or information to admit or deny whether Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

### PRAYER FOR RELIEF

Plaintiff's prayer for relief requires no response. To the extent a response is required, Defendant denies that Plaintiff and the putative class members are entitled to any of the relief requested in Paragraphs 1-50 and the Prayer for Relief.

### DEMAND FOR A JURY TRIAL

Defendant admits that Plaintiff has demanded a jury trial on issues triable to a jury.

### SEPARATE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following defenses:

### First Defense

(Failure To State A Cause Of Action)

The Complaint, and each purported cause of action contained therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action against Defendant.

### Second Defense

(Statute Of Limitations)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff seeks relief for conduct occurring outside the applicable statute of limitations.

### Third Defense

(Estoppel)

The Complaint, and each purported cause of action contained therein, is barred to the extent the alleged actions of Defendant or its agents were a result of conduct by Plaintiff for which she cannot equitably seek recovery against Defendant.

## Fourth Defense

(Good Faith)

Plaintiff is barred from relief because Defendant and its agents acted in good faith at all times and had reasonable grounds to believe that no violation of any applicable law, statute, and/or regulation occurred.

## Fifth Defense

(Waiver)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff by her actions has waived her right to recovery.

## Sixth Defense

(Compliance with Statute)

Plaintiff is barred from relief because Defendant at all times complied and/or substantially complied with all applicable statutes, regulations, and laws.

## Seventh Defense

(Failure To Mitigate)

The Complaint, and each purported cause of action contained therein, and Plaintiff's alleged recovery, are barred to the extent that Plaintiff failed to mitigate the injury or damages alleged in the Complaint.

## Eighth Defense

(*De Minimus* Doctrine)

The Complaint, and each purported cause of action contained therein, is barred to the extent the *de minimus* doctrine applies to Plaintiff's claims.

## Ninth Defense

(Injunctive Relief)

The Complaint, and each purported cause of action contained therein, is barred to the extent it fails to allege facts sufficient to state a claim for injunctive relief.

### Tenth Defense

(Impermissible Representative Action)

Plaintiff is barred from obtaining relief against Defendant, because California Business and Professions Code Section 17200, *et seq.*, does not permit representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

### Eleventh Defense

(Class Action Civil Penalties Unconstitutional)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff's claim for civil penalties on behalf of a class is unconstitutional in violation of the United States and California Constitutions.

### Twelfth Defense

(No Private Right of Action)

The Complaint, and each purported cause of action contained therein, is barred to the extent no private right of action exists to enforce the asserted claims.

### Thirteenth Defense

(No Willfulness)

The Complaint, and each purported cause of action contained therein, is barred because the alleged conduct of Defendant and its agents was not willful.

### Fourteenth Defense

(Standing)

Defendant is informed and believes, and on that basis alleges, that Plaintiff lacks the requisite standing to assert each purported cause of action in the Complaint.

### Fifteenth Defense

(Class Certification Requirements Not Met)

Defendant is informed and believes, and on that basis alleges, that this action does not meet the requirements for class action treatment.

### Sixteenth Defense

(Paid All Sums)

Defendant is informed and believes, and on that basis alleges, that the Complaint, and each purported claim therein, is barred because Defendant has paid Plaintiff and the members of the putative class she purports to represent all sums due them.

### Seventeenth Defense

(Frivolous Claims)

The Complaint, and each purported cause of action contained therein, is barred to the extent that it was not brought in good faith and is frivolous. Accordingly, Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to the Court's inherent authority and California Code of Civil Procedure § 128.7.

### Eighteenth Defense

(Scope Of Authority)

Plaintiff is barred from relief to the extent the alleged conduct by Defendant's agents, upon which Plaintiff bases her claims, was done outside the course and scope of such agents' authority.

### Nineteenth Defense

(Preclusion)

Plaintiff is barred from relief to the extent class certification has already been denied on the same claims.

### Twentieth Defense

(Lawful Rounding Policy)

The Complaint, and each purported cause of action contained therein, is barred to the extent it seeks damages based on Defendant's calculation of hours worked, because Defendant lawfully rounded employees' time to the nearest hundredth of an hour consistent with applicable California and federal law, including, but not limited to, 29

11

C.F.R. § 785.48(b), DLSE Enforcement Policies and Interpretations Manual §§ 47.1 and 47.2, and *See's Candy Shops, Inc. v. Sup. Ct. (Silva)*, 210 Cal. App. 4th 889 (2012). Thus, Defendant has paid all sums due.

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment in its favor and requests that the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment against Plaintiff and in favor of Defendant on each and every cause of action;

3. Award Defendant its reasonable attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

4. Grant Defendant such other relief as may be appropriate.

Dated: January 16, 2013

AKIN GUMP STRAUSS HAUER & FELD LLP
Gregory W. Knopp
Mark R. Curiel
Galit A. Knotz
Jonathan P. Slowik

By  /s/ Gregory W. Knopp
Gregory W. Knopp
Attorneys for Defendant Starbucks Corporation

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On January 16, 2013, I served the foregoing document(s) described as:

**DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 16, 2013 at Los Angeles, California.

<u>Lana Linnet Turner</u>
[Print Name of Person Executing Proof]

*/s/ Lana Turner*
[Signature]